# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA
# PENSACOLA DIVISION

| | |
|---|---|
| IN RE: DEEPWATER HORIZON BELO CASES<br><br>This Document Relates to:<br>*Edward C. Dunklin,* 5:19-cv-231<br>*Jackie Y. Feagin*, 3:19-cv-424<br>*Phillip B. Gander,* 3:19-cv-1983<br>*Nicole Mills,* 3:19-cv-426 | Case No. 3:19cv963<br><br>Judge M. Casey Rodgers<br>Magistrate Judge Hope T. Cannon |

## **ORDER**

Before the Court is the Report and Recommendation of the Magistrate Judge dated December 15, 2022, ECF No. 571 (Master Docket), recommending the exclusion of Plaintiffs' causation expert and the grant of summary judgment in favor of the BP Defendants[1] in the above-named Back-End Litigation Option ("BELO") cases.[2] The parties have been furnished a copy of the Report and Recommendation

---

[1] Defendants are BP Exploration & Production, Inc. and BP America Production Company (collectively "BP" or "BP Defendants").

[2] The Court assumes the parties' familiarity with the BELO context and basic facts of the *Deepwater Horizon* oil spill and resulting multidistrict litigation, which resolved in party through a Medical Benefits Class Action Settlement Agreement that established the BELO procedures. The settlement allowed certain medical benefits class members to bring a BELO lawsuit for later-manifested physical conditions first diagnosed after the settlement date of April 16, 2012, and which are claimed to have resulted from exposure to chemicals originating from the spill or the response activities. The multidistrict litigation background and the context and facts of the cases at issue are adequately set out within the Report and Recommendation, which is adopted herein by reference, and thus need not be stated in full in this Order.

and afforded an opportunity to file objections pursuant to Title 28, United States Code, Section 636(b)(1). No timely objections have been filed.

When reviewing a report and recommendation, the Court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3) (similarly requiring de novo review of any part of the Report that that is "properly objected to"). Objections must be sufficiently specific to warrant de novo review. *See Macort v. Prem, Inc.*, 208 F. App'x 781, 783-85 (11th Cir. 2006). Absent objection, the district court judge "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge," 28 U.S.C. § 636(b)(1), and need only satisfy itself that there is no plain or clear error on the face of the record in order to accept the recommendation. *See United States v. Slay*, 714 F.2d 1093,1095 (11th Cir. 1983); *see also* Fed. R. Civ. P. 72(b) (1983 advisory committee note).

Briefly summarized, the operative facts reflect that the above-named Plaintiffs suffer from chronic ocular and sinus diseases, which they contend were caused by their exposure to toxic chemicals during cleanup work along the Gulf Coast of

Florida after the *Deepwater Horizon* oil spill.[3] Because they were diagnosed after the settlement cutoff date, Plaintiffs brought BELO suits to recover compensation for their injuries. To succeed in this toxic tort context, Plaintiffs must show through expert testimony that a chemical or mixture of chemicals in the oil spill or response efforts caused their conditions. This causation inquiry requires a showing of both general causation and specific causation. *See McClain v. Metabolife Int'l, Inc.*, 401 F.3d 1233, 1239 (11th Cir. 2005). In an effort to structure the expert work in a way that would present the general causation issues efficiently and cost-effectively, the Court selected eight test cases and established a bifurcated procedure by which the general causation issue would be resolved first.[4]

The above-named Plaintiffs (the Falcon/Lindsey group) identified three experts: Dr. Jerald Cook, Dr. Rachael Jones, and Dr. John Cherrie. BP challenged

---

[3] Plaintiffs Feagin and Mills complain of chronic conjunctivitis and chronic dry eye syndrome. Plaintiff Dunklin complains of conjunctivitis and rhinitis. Plaintiff Gander complains of chronic rhinitis.

[4] The eight test cases selected all involve claims of chronic ocular and sinus diseases. The four above-named cases are represented by the Falcon Law Firm and Lindsay & Lindsay, P.A. and the other four test cases are represented by the Downs Law Group. The Falcon/Lindsay firms and the Downs Law Group have retained separate experts to establish general causation. All other BELO cases with plaintiffs represented by these firms and involving the same categories of alleged injuries (ocular and sinus) were stayed by consent pending resolution of the general causation issue, and they agree to be bound by the Court's rulings in the respective Falcon/Lindsay cases or in the Downs Law Group cases—after appeal, if any. They further agreed that if the issue is resolved against them, their cases will be dismissed with prejudice and without further litigation. *See* ECF Nos. 342, 348 (Master Docket).

Page 4 of 8

the experts under *Daubert*[5] and moved for summary judgment on grounds that Plaintiffs failed to designate an admissible expert opinion on general causation. BP argued that Dr. Jones and Dr. Cherrie provided only exposure assessments that were incapable of establishing general causation and were instead intended to provide information that could be used by an expert in forming a general causation opinion. BP challenged Dr. Cook's general causation opinion as neither reliable nor helpful, arguing that Dr. Cook (1) failed to identify either a specific chemical alleged to have caused the conditions complained of by Plaintiffs or the level at which such chemical could cause the complained of conditions and (2) failed to comply with recognized epidemiological methodology for establishing general causation. Plaintiffs opposed the motions and moved to supplement their oppositions with an additional affidavit of Dr. Linda S. Birnbaum. Also, Plaintiffs moved for the admission of their own experts as a sanction for BP's spoliation of evidence, arguing that their experts' opinions should be "deemed reliable and admissible under *Daubert*," ECF No. 547 at 2, because BP failed to gather data through biomonitoring and dermal monitoring, which could have been used to quantify exposure and dose to specific chemicals.

After hearing oral arguments and reviewing the extensive record, the Magistrate Judge concluded that Dr. Cook's opinion failed to comport with Rule 702

---

[5] *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993).

and *Daubert* standards because "[n]owhere in Dr. Cook's 19-page report does he explain how he reached his causation opinion, and it is clear from the report that Dr. Cook did not identify a harmful dose of any chemical that could cause the [later-manifested physical conditions] at issue and did not follow any epidemiological methodology."  ECF No. 571 at 16 (Master Docket).  Therefore, the Report recommends granting the motion to exclude Dr. Cook's general causation opinion and granting summary judgment for the lack of expert testimony on general causation.  The Report further found even assuming the exposure assessments of Dr. Jones and Dr. Cherrie are reliable, they also failed to identify a harmful dose of any chemical in the weathered oil and their opinions are not helpful without an expert to testify about the harmful level of any particular chemical.  The Magistrate Judge rejected Plaintiffs' belated attempt to supplement the expert reports with the affidavit of Dr. Birnbaum, who was not timely disclosed as an expert.  The Report also recommends denying Plaintiffs' spoliation motion because the motion is not based on BP's willful destruction of evidence, but rather on BP's alleged failure to *create* evidence for this litigation.

Having considered the Report and Recommendation and the record, the Court has determined that the Magistrate Judge thoroughly considered the motions, the evidence, and the parties' arguments.  There have been no timely objections, and the

Court finds no clear or plain error of fact and or law. The Report and Recommendation correctly resolves the motions and is adopted as the order of the Court and incorporated herein by reference.

Accordingly, the Report and Recommendation of the Magistrate Judge dated December 15, 2022, ECF No. 571 (Master Docket), and filed in the individual cases:

*Edward C. Dunklin*, 5:19-cv-231, ECF No. 53
*Jackie Y. Feagin*, 3:19-cv-424, ECF No. 64
*Phillip B. Gander*, 3:19-cv-1983, ECF No. 44
*Nicole O. Mills*, 3:19-cv-426, ECF No. 59

is **ADOPTED** and incorporated by reference in this Order. Therefore:

1. BP's *Daubert* motion to exclude the opinions of Dr. Jerald Cook, ECF No. 463 (Master Docket), also filed in the individual cases:

    *Edward C. Dunklin*, 5:19-cv-231, ECF No. 43
    *Jackie Y. Feagin*, 3:19-cv-424, ECF No. 54
    *Phillip B. Gander*, 3:19-cv-1983, ECF No. 38
    *Nicole O. Mills*, 3:19-cv-426, ECF No. 53

is **GRANTED**.

2. Plaintiffs' motion for leave to supplement Plaintiffs' opposition to BP's *Daubert* motion for Dr. Cook, ECF No. 558 (Master Docket), is **DENIED.**

3. Plaintiffs' motion to admit expert testimony based on spoliation of evidence, ECF No. 547 (Master Docket), is **DENIED**.

4. The Clerk is directed to terminate as **MOOT** the *Daubert* motions for Dr. John Cherrie, ECF No. 461 (Master Docket), and Dr. Rachael Jones, ECF No. 464 (Master Docket), which were also filed in the individual cases:

> Edward C. Dunklin, 5:19-cv-231, ECF No. 42, 44
> Jackie Y. Feagin, 3:19-cv-424, ECF No. 53, 55
> Phillip B. Gander, 3:19-cv-1983, ECF No. 39
> Nicole O. Mills, 3:19-cv-426, ECF No. 52, 54

5. The Clerk is directed to terminate the following motions related Dr. Cherrie and Dr. Jones as **MOOT**:

   a. BP's motion to strike the supplemental declaration of Dr. Jones, ECF No. 528 (Master Docket);

   b. BP's motion to strike the supplemental declaration of Dr. Cherrie, ECF No. 524 (Master Docket);

   c. Plaintiffs' motion for leave to file a supplemental opposition to BP's motion to exclude Dr. Jones, ECF No. 557 (Master Docket); and

   d. Plaintiffs' motion for leave to file a supplemental opposition to BP's motion to exclude Dr. Cherrie, ECF No. 559 (Master Docket).

6. BP's motion for summary judgment, ECF No. 465 (Master Docket), also filed in the individual cases:

*Edward C. Dunklin*, 5:19-cv-231, ECF No. 45
*Jackie Y. Feagin*, 3:19-cv-424, ECF No. 56
*Phillip B. Gander*, 3:19-cv-1983, ECF No. 40
*Nicole O. Mills*, 3:19-cv-426, ECF No. 55

is **GRANTED**.

7. The Clerk is directed to file a copy of this Order in the individual test cases named in the caption, enter judgment in favor of the BP Defendants in each case, tax costs against the Plaintiffs, and close the files.

8. Based on this ruling, the Court also **DISMISSES with prejudice** the cases listed on Exhibit A, reserving jurisdiction to reopen them in the event this Order is overturned following an appeal in the test cases. The Clerk is directed to file a copy of this Order in each case listed on Exhibit A and close the files.

**DONE AND ORDERED** this 24th day of January 2023.

*M. Casey Rodgers*
**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**